FREDERICK BOHDE et al., executors,

*v.*

PATRICK LAWLESS et al.

It is no objection to a petitioner's right to set aside a voluntary conveyance of lands, made to defeat a personal decree for deficiency on a foreclosure, that at such foreclosure sale the mortgaged premises were bought by the petitioner (the mortgagee) at much less than their actual value, where no fraudulent or inequitable conduct on the petitioner's part is shown.

Creditor's bill. On final hearing on pleadings and proofs.

*Mr. J. C. Besson,* for complainants.

*Mr. J. Chapman,* for Margaret Lawless.

THE CHANCELLOR.

The defendant Patrick Lawless, in 1873, gave his bond of that date, to Peter Lawless, conditioned for the payment of

Bohde v. Lawless.

$5,000 in five years, with interest.  The payment of it was secured by a mortgage, on real estate in Hoboken, given by Patrick and his wife to Peter.  In 1874, Peter assigned the bond and mortgage to the complainants, executors of Claus Dorcher, deceased.  They obtained a decree of this court for foreclosure and sale upon the mortgage, May 24th, 1879, with a personal decree for deficiency against Patrick Lawless.  .The mortgaged premises were sold, under the execution issued on the decree, to the complainants for $500, leaving a deficiency of over $5,000.  By an order of this court, a writ of *fieri facias de bonis et terris* was issued against Patrick Lawless to the sheriff of Hudson, where he lived.  It was returned *nulla bona aut tenementa,* and the bill in this cause was then filed.  In October, 1879, Patrick Lawless, by his deed, conveyed to Vincent F. Flanagan certain other land in 'Hoboken which he then owned, and Flanagan, on the same day, conveyed the property to Patrick's wife.  The bill is filed to subject that property to the payment of the complainant's debt, the deficiency before mentioned. It asks an answer without oath.

The answer gives the following statement of the consideration of the conveyance to Lawless's wife from her husband through Flanagan:

"That Patrick, having been sick for a number of years and unable to provide for the family, consisting of himself, his wife and five children, his wife had worked, and by means of her labor and from moneys borrowed from her friends, had been able to accumulate some moneys, which she had given to him, and that this property was conveyed to her for a good consideration, in order that she might be secured to herself and her friends for the moneys advanced, and that a home might be retained for the family."

Lawless, who is the only witness sworn on the subject, says that he had the deeds for the property made to his wife and the title put in her name because he owed her money which she had furnished him when he was sick; that he had been sick during a period of from seven to nine years, and during the time of his sickness his wife provided for him, and did all she could for him; that he made the conveyance (which he says was made after

he knew the foreclosure had been begun) to compensate his wife for money she had given him when he was not able to be around; that his wife lent him money from time to time—$80 at one time and $64 at another; that the latter loan was made, he thinks, in 1879; that she got the money by earning it; that she used to take care of her brother's property, and he paid her for it; that he has no memoranda of the moneys furnished him by her, nor did he ever give her any note; that he asked her for the money when he was "short," and she let him have it; and that the $64 above mentioned were the last he got from her. It is quite clear that the conveyances should be set aside as against the complainants' debt. See *Post* v. *Stiger, 2 Stew. Eq. 544; Clark* v. *Rosenkrans, 4 Stew. Eq. 665.* They were evidently voluntary, and are therefore not valid as against the debt which then existed. The bill avers that the property was worth about $2,000. The answer is silent on that point, and there is no evidence on the subject.

On the hearing it was insisted that the fact that the complainants were the purchasers of the mortgaged premises at the sale under the foreclosure, for $500, while the property was and is worth a large sum beyond that amount (perhaps enough to cover the entire amount of the deficiency), is of itself enough to induce this court to refuse to aid the complainants in enforcing payment of the deficiency. But it is quite evident that that consideration cannot avail the defendants. The complainants are before the court seeking payment of a lawful demand, and they have been guilty of no fraudulent or inequitable conduct to debar them from the aid of equity. There will be a decree for the complainants